May it please the Court, Attorney Margarita Mercado, on behalf of Alejandro Garcia-Padilla and Elizabeth Lopez, I would like to reserve four minutes for rebuttal. You may have it. In this case, it is our contention that the issue regarding abolishment of plaintiff Apelli's position due to a legislative enactment was squarely addressed by this Court in the prior Diaz-Carasquillo case. And we posit that there's no exception here to the law of the circuit doctrine and that this Court should follow its prior ruling that has not been overruled as a matter of federal law, holding that abolishment of a law that establishes an office abolishes the position of the officer, thereby depriving him of property interest. I did not think the law of the case doctrine actually controls here when we have an indication, a change in law, from the state, the Puerto Rican Supreme Court. Do you have any case law that supports your position? It is our contention that under the circumstances in which that. Do you have any case law which supports your position? We rely on our briefs on the general case law stating that an exemption could be made to the law of the circuit doctrine if persuasive authority ensues, but we distinguish the Puerto Rican Supreme Court decision because it was issued without jurisdiction over the federal questions that were posed in that case. And in this case, the prior decision is not at odds with the Puerto Rican Supreme Court decision that did not overrule the prior cases upon which this Court decided the Diaz-Carasquillo case. The Gomez case is still good law for the main proposition that abolishment of an office by a legislative enactment abolishes any property rights and that the due process is given by legislative process. And we believe that that holding of this Court has not been changed by the decision of the Puerto Rican Supreme Court. Okay, I'd like you to make an assumption that you're wrong about that, that the law has in fact changed. What are your arguments then? My main contention is that this Court did not rule, did rule that property interest under state law was not dispositive. So in the sense that the Puerto Rican Supreme Court addressed property interests, it is not dispositive in this case because this Court already stated that even if a property interest under state law exists, the legislative process itself provides the officer all the process that he was due. So in our estimation, there's no valid constitutional due process claim in this case. Didn't the Puerto Rican Supreme Court reach a contrary conclusion on that holding? It concluded that abolishment under their estimation, the abolishment in this case, in the sense that a new office was created with similar duties, it wasn't a valid abolishment, but it didn't overrule this property. This language is thoroughly unattractive about overruling. The state system is one we have enormous respect for, and the state law issues are ultimately determined by a state court. What you've suggested is that the property interest question is not the dispositive question. And it may not be for the reasons I articulated earlier, and you're now making a separate argument, which is that the prior federal opinion said it's an adequate process to have the legislature enact a new bill. And therefore, a federal claim fails. The Puerto Rican Supreme Court seems to have said it's not a valid enactment, and therefore, it is not adequate process. Is that correct? It concluded that it wasn't abolished, and that therefore, under property interest under state law, then they went on to conclude that the plaintiff in the Escarasquillo had a property interest. But the rule of law still stands that the Gomez case, that abolishment could deprive an officer of a property interest, and they did not go into details about the process. They just clarified that the process could be enough. But in their estimation of the facts of this case, of the Escarasquillo case, they reached a different result. And I'm not arguing to the contrary. They did reach a different result under circumstances in which they did not have jurisdiction to address that issue on certification. But I posit to the court that since this court already stated that any clarification under state law property interest wasn't dispositive, that as a matter of federal law, the law still stands that abolishment is enough process, and the Gomez case is still good law and should be applied, followed, as this court did in the prior decision. It would seem to me that ultimately, even if a federal court were to say the legislative process was, let me rethink that, the federal court is concerned with whether there is an adequate process in any of the branches of the legislative process. And it would seem to me that ultimately, even if a federal court were to say the legislative process was, let me rethink that, the federal court is concerned with whether there is an adequate process in any of the branches of the legislative process. Why is it, it would be odd for the state to have the position that its own court system doesn't provide adequate due process. Is that actually your position? No, that is not our position. Our position in this case is that the legislative process is dispositive. No, I've now asked you about the court process. No, there is no claim by the state, by the commonwealth, that there is no valid process. In this case, there is also an injunction that issued contrary to a prior ruling of this court. And we believe that vacater of the injunction, a preliminary injunction is necessary because plaintiff does not have possibility of prevailing on the merits of the federal claim for violation of his due process. And that is why we maintain that this court should vacate the injunction and that the decision by the Puerto Rico Supreme Court does not alter the analysis that this court employed in the Diaz-Carasquillo case regarding the fact that these types of officers do not have property interests under state law and that is unaltered by the Puerto Rico Supreme Court. The Gomez case, which established that finding of law, is still good law. And I would draw this court's attention to our brief where we state why this was a valid abolishment of a prior office and there were significant changes in the structure between the reorganization plan in 2011 and the law 79 that was enacted in 2013. And this is not a sham or an invalid abolishment. The legislator decided that the prior system wasn't efficient and that a new office should be created. And that's about it. The last thing a federal court wants to do is put itself in the middle between a state high court and the state legislature. And it seems to me your argument is asking us to do exactly that. And I don't know of any precedent that would support that. I do recognize and I'm not arguing, the case has evolved in that manner and the ruling of the Puerto Rico Supreme Court is at odds with the ruling of this court. But then I would also suggest that the vacator of the injunction should issue because of the absence of irreparable injury in this case, so this court could vacate the injunction on the basis of that it was improper to issue the injunctive order. Because there are adequate remedies in the state court system. And there's no economic interest or damage to reputation is not enough to sustain a claim of irreparable injury. I asked you a question. I thought I, yes. And in addition, there's no irreparable injury and this court could vacate the preliminary injunction and the case could proceed on the merits before the district court with a motion to dismiss. But at this juncture, this court has to decide if a preliminary injunction should have issued and we respectfully posit that there are several grounds upon which this court could vacate the injunction. What is the law on whether or not a preliminary injunction might have been warranted at the time? Change circumstances make it clear that it is no longer warranted. I don't recall whether you briefed that issue. No, I don't believe we did. But in our brief, we do state the reasons why the injunction as issued at the time was not proper and that there's no, with our main argument that there wasn't a valid 14th Amendment claim, but also that it intrudes unduly on the executive functions and there's no irreparable injury that the court, that would warrant the intervention of the court. Okay, thank you. Your Honor, I apologize, firstly, if our argument seems like a rebuttal of our sister counsel's arguments, but we think this court is very clear on the issues. And Mr. Montaño's case is basically a mirror image of Diaz-Carasquillo's case because the laws were enacted simultaneously and they basically stayed the same. And in Diaz-Carasquillo, if I recall the district court correctly, it is now thinking about dismissal of the federal action and permitting the state action to go forward. Judge Dominguez allowed Mr. Diaz to file in state court and he did so. So why wouldn't that work here? I mean, I know it's enormously inefficient.  Mr. Montañez and Mr. Torres chose the federal system because they thought they have an adequate remedy here, both for the due process and the First Amendment. And it would be burdensome to dismiss the case and start all over again. And to be blunt, the state will not flatly accept that it is an adequate remedy. There is an adequate remedy in state court. You say the state won't accept it, but the state has just in argument before us accepted that there is an adequate remedy in the state system. And you agree with that? The Supreme Court issued a ruling in Diaz-Carasquillo and interpreted state law. After this court had ruled Diaz-Carasquillo. So the state law regarding this situation is what the Supreme Court stated in Diaz-Carasquillo. So that is the law of the state right now, Your Honor. Okay, let me ask about that. It seems clear that the state court issued a clear ruling on what a property interest was and wasn't. But what about the second question about the state court's view on whether legislative process is adequate process? Did they also comment on that? What the Supreme Court stated is that because they analyzed the specific action that had taken place. So what they stated is that that was not a legislative act, but it was an administrative act because the sole purpose of the act was to have full effect in Diaz's case. So we have the state court saying we're going to review the Puerto Rican legislature and we're going to divide their bills into true legislation and what we call administrative? It was basically because of the effect. And Your Honor, I have to disagree with Sister Counsel regarding their interpretation of the Gomes case, which is a 1945 case. Please, that's not the issue in front of us. Whether the state court correctly interprets its own law is up to the state court. So can I go back to the question of was the state court's view that it was a legislative act? Was the state court saying this really wasn't an exercise of legislative process, even though it came from the legislature? That's not the interpretation that we make of it. It's basically that the effect it had on the plaintiff's rights. So it's legislation, but it's invalid? Basically the effect of the legislation, which was to remove an officer. Because the Supreme Court interpreted that when that officer holds his office for a fixed term, in Puerto Rico he has an expectancy of continuous employment for the duration of the term and has a proprietary right. So he's entitled to due process. That's basically what the Supreme Court stated. Of course in the analysis that this is a quasi-judicial position, because we are clear that it was solely executive or administrative, the governor would have the power to remove him regardless if it was a fixed term or not. Anything else? We exhausted these topics. You've reserved four minutes. I just have a brief clarification regarding the final questions and issues that the council addressed. The Puerto Rico Supreme Court answered a question regarding the legislative impact of this act. And what it concluded is that the law was an administrative act, not a legislative act. We take issue with that conclusion. But in fact the court did not address the validity of the due process that the legislator may provide to an officer. It concluded it was an administrative act and that that wasn't enough, that it was invalid, that that didn't protect the governor from suit, but it viewed it as an administrative act. With the conclusion that enactment of a law that may have the effect of removing... I understand you take issue with it. But wasn't the Supreme Court clear in dividing up and looking at what in fact the General Assembly does? And it specifically indicated that on a case-by-case basis, it would look to see if there was a violation of what the General Assembly did. And that if it came to the conclusion that it wasn't a policy-based piece of legislation that incidentally may have affected one particular person, but in fact was legislation that was specifically targeted at one individual, that it deemed that not legislative action, but administrative. And if that's what they said, even if you disagree with it, and even if we don't think it may be sound policy, which I'm not saying we don't, we do, we're bound by that. It's a question of how they interpret what their General Assembly does. What they concluded regarding applicability of the statute to the plaintiff apparently is that it wasn't a valid abolishment and that it was an administrative act as the effect it had on the plaintiff. But my contention is that that isn't at odds with the conclusion that this Court reached in the prior case. I sort of didn't understand why the question of legislative immunity was up at all. Is there a suit for damages against a legislator? We objected that. No, the legislators were dismissed from the case. They're not. In the state court or in the federal court? In federal court. They weren't a party to the case. They were dismissed early on for immunity, but the court nevertheless addressed that issue as an immunity. But that was the court's prerogative on certification, but they're not a party to the case. It's the governor, suit, and implementing the law.